UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:25-cv-01078-DTB**                                    Date: **December 12, 2025**

Title:  **Yan Zhang v. Geico General Insurance Company, et al.**
==================================================================
**DOCKET ENTRY**
==================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT(S):
　　　　None present                                                  None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE [DOCKET NO. 14]**

### I.   PROCEEDINGS

On December 24, 2024, plaintiff Yan Zhang ("Plaintiff") filed a Complaint in San Bernardino County Superior Court, naming as defendants Geico Insurance Company and DOES 1 through 10, inclusive. (Docket No. 4-1).  The gist of the Complaint is that following a June 10, 2017 car accident involving Plaintiff (Plaintiff was not at fault), defendant, with whom Plaintiff had comprehensive insurance with under-insured coverage, unreasonably denied and delayed Plaintiff's under-insured claim and medical payment claim, gave Plaintiff an unreasonably low offer for Plaintiff's under-insured claim, refused to engage in non-binding arbitration, and delayed in filing for arbitration. (Complaint at 4-10).  The Complaint alleges the following claims:  Breach of contract; breach of covenant of good faith and fair dealing; bad faith denial of insurance claim; bad faith delay of insurance claim payment; bad faith unreasonable low ball offer for claim; unfair business practice; fraudulent misrepresentation; constructive fraud; and injunctive relief.  (Id. at 2, 10-19).[1]  Plaintiff seeks, among other things, injunctive relief and general and punitive damages.  (Id. at 19-20).

---

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

On May 2, 2025, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Geico General Insurance Company ("Defendant") (erroneously sued as Geico Insurance Company) removed the action to this Court based on the amount in controversy (in excess of $75,000.00) and on diversity of citizenship. (Docket No. 1; see also Docket Nos. 4-6).

On June 2, 2025, pursuant to 28 U.S.C. § 1447(c), Plaintiff filed a Motion to Remand the Case ("Motion to Remand"), accompanied by several exhibits. (Docket No. 14). The Motion to Remand is based on the following grounds: (1) The Complaint does not raise a substantial federal question; (2) anticipated or potential defenses based on federal laws or treaties or the United States Constitution do not support removal; (3) Plaintiff and Defendant are located in California, and therefore, there is no diversity of citizenship; and (4) Defendant's removal of the case to this Court was untimely. (Id. at 1-5).

On June 18, 2025, Defendant filed an Opposition to the Motion to Remand ("Opposition"). (Docket No. 18).

Thus, this matter now is ready for decision. For the reasons stated below, the Court denies the Motion to Remand.[2]

## II.

## LEGAL AUTHORITY

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A district court has original jurisdiction of a civil action where the "matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs," and the matter in controversy is between "citizens of different States[.]" 28 U.S.C. § 1332(a); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) ("As for diversity jurisdiction, federal district courts have jurisdiction overs suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.") (citing 28 U.S.C. § 1332(a)).

A defendant may remove an action from state court to a district court if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a); see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1000 (2002) ("Diversity jurisdiction, including the amount in controversy, is determined

---

[2] On May 9, 2025 (prior to the filing of the Motion to Remand), Defendant filed a Motion to Dismiss the Complaint (Docket No. 9) and a Motion to Strike Portions of the Complaint (Docket No. 10). Plaintiff filed an Opposition to the Motion to Dismiss the Complaint and the Motion to Strike Portions of the Complaint on June 12, 2025. (Docket No. 17). Defendant filed a Reply in support of the Motion to Dismiss and Motion to Strike on June 18, 2025. (Docket No. 19). The Court will address the Motion to Dismiss the Complaint and the Motion to Strike Portions of the Complaint in a separate order.

at the instant of removal."). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 90 (2014)). "'Where . . . it is unclear from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Fritsch, 899 F.3d at 793 (citation omitted); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (when a state court complaint does not specify a particular amount of damages, the removing defendant has the burden of establishing that it is "more likely than not" that the amount in controversy exceeds the threshold amount); Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (citation omitted; emphasis in original). "In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." Perez v. Rose Hills Co., 131 F.3d 804, 806 (9th Cir. 2025). A district court's determination about the amount in controversy is based on allegations in the Complaint, the removal petition, and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Id. (citation omitted). The amount in controversy is the "amount at stake in the underlying litigation." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016); see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). The amount in controversy "includes damages (compensatory, punitive or otherwise)" and future attorneys' fees recoverable under a statute or contract. Fritsch, 899 F.3d at 793-94; Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citations omitted).

". . . [R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citation omitted); see also Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012) ("Removal statutes are to be 'strictly construed against removal jurisdiction.'") (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citation omitted).

# III.

# DISCUSSION

As noted above, Plaintiff has moved to remand this action based on the absence of diversity citizenship, on the lack of a substantial federal question raised by the Complaint, on Defendant's possible affirmative defenses, and on the untimeliness of Defendant's removal of this action to this Court.[3]

A.   <u>This Court Has Jurisdiction Based on Diversity of Citizenship.</u>[4]

Plaintiff contends that there is no diversity of citizenship supporting the removal of this action. (Motion to Remand at 1-2, 4). Plaintiff, a resident of San Bernardino, California, claims that there is no diversity of citizenship because: (1) Defendant actively conducts business in California; (2) in March 2022, Defendant, through counsel, filed a case in San Bernardino County Superior Court (case number CIVSB 2202284) to compel Plaintiff to answer discovery for Plaintiff's under-insured claim with Defendant, and Defendant later moved to stay the case for arbitration; and (3) Defendant's counsel in Plaintiff's under-insured claim still represents Defendant and is Plaintiff's "point of contact" with Defendant. (<u>Id.</u> at 2-4).

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Under the statute, "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and is "normally [] the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, <u>i.e.</u>, the "nerve center," and not simply the office where the corporation holds its board meetings[.]" <u>Hertz Corp v. Friend</u>, 559 U.S.

---

[3] As noted above, Defendant removed this action based on the amount in controversy exceeding $75,000.00 and on the diversity of citizenship, but not based on the existence of a federal question, <u>see</u> <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 207 (2004) ("One category of cases of which district courts have original jurisdiction is '[f]ederal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'") (quoting 28 U.S.C. § 1331). Consequently, Plaintiff's arguments that the Complaint does not raise a substantial federal question and that Defendant's anticipated or potential affirmative defenses based on federal laws or treaties or the United States Constitution do not support removal (<u>see</u> Motion to Remand at 1, 3-4) are irrelevant.

[4] Because Plaintiff does not contend that removal of this action was improper based on the amount of the matter in controversy, the Court, for purposes of the Motion to Remand, assumes that the matter in controversy exceeds $75,000.00.

77, 92-93 (2010).

Contrary to Plaintiff's assertion, and as discussed above, for purposes of diversity of citizenship, Defendant's citizenship is not based on the fact that Defendant is conducting business in California. See 28 U.S.C. § 1332(c)(1). In its Notice of Removal, Defendant stated that at the time Plaintiff filed this action in state court and at the time of the removal of this action to this Court, Defendant was incorporated in Nebraska and had its principal place of business in Maryland. (See Docket No. 1 at 21, citing Docket No. 4 at ¶ 5, Docket No. 6 at ¶ 1, and Docket No. 6-1 at 1-11). Plaintiff does not dispute Defendant's assertion that it is/was a citizen of Nebraska and Maryland.

Since Plaintiff is a citizen of California and Defendant is a citizen of Nebraska and Maryland, there is complete diversity of citizenship. Therefore, the Court has diversity jurisdiction over this action, and remand of this action is not warranted.

B.  Defendant Timely Removed this Action to this Court.

As an alternative argument, Plaintiff contends that because Plaintiff served the Summons and Complaint, filed in San Bernardino County Superior Court on December 24, 2024, on Defendant's counsel in the earlier action involving Plaintiff's under-insured claim with Defendant (case number CIVSB 2202284) on February 25, 2025, Defendant's removal of this action to this Court on May 2, 2025, was untimely and therefore barred. (Motion to Remand at 2-5, 28-29).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which period is shorter." 28 U.S.C. § 1446(b)(1). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

When formal service of process is effectuated is determined by state law. See Murphy Bros., 526 U.S. at 352-53; City of Clarksdale v. BellSouth Telecommunications, Inc., 428 F.3d 206, 210 ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term "service of process" is defined by state law."); Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue."), overruled on other grounds by, California Dept. of Water Resources v. Powerex, 533 F.3d 1087, 1096 (9th Cir. 2008); Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp., Case No. 8:15-cv-01711-JVS (JCG), 2015 WL 8215345, at *3 (C.D. Cal. Dec. 8, 2015)

("State law determines when the defendant first receives formal service of process.").

In California, service of a summons and complaint on a corporation can "only be accomplished be serving some individual as its representative." Dill v. Berquist Construction Co., 24 Cal. App. 4th 1426, 1435 (1994). The individuals authorized to accept service on behalf of a corporation include "the person designated as agent for service of process as provided" by specific sections of the California Corporations Code and "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. P. § 416.10(a)-(b).

"A summons may be served by personal delivery of a copy of the summons and of the complaint to the person served. Service of a summons in this manner is deemed complete at the time of such delivery." Cal. Code Civ. P. § 415.10. "A defendant may also be 'personally' served by delivering a copy of the summons and complaint to an agent authorized to accept service on behalf of that defendant." American Express Centurion Bank v. Zara, 199 Cal. App. 4th 99, 389 (2011) (citations omitted).

An alternative to personal service is substitute service. Cal. Code Civ. P. 415.20 provides, in pertinent part, that:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in [Cal. Code Civ. P.] Section 416.10 . . . , a summons made be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. P. 415.20(a).

While Plaintiff states she served the Summons and Complaint on counsel for Defendant in the case involving Plaintiff's under-insured claim on February 25, 2025 (Motion to Remand at 2-5), Plaintiff does not state that she personally delivered a copy of the Summons and Complaint on a person designated by Defendant to be an agent for

service of process or on a person such as an officer or other person authorized by Defendant to receive service of process, and she does not state that she attempted substitute service of the Summons and Complaint. In its Notice of Removal, Defendant stated that Plaintiff's attempted substitute service of the Summons and Complaint were deficient for several reasons, including that counsel for Defendant in the case involving Plaintiff's under-insured claim was not designated by Defendant to be an agent for service of process. (Docket No. 1 at 2, 4, citing Docket No. 4 at ¶ 3, Docket No. 4-2 at 1-3, Docket No. 5 at ¶¶ 3-5, Docket No. 5-1 at 1-7, Docket No. Docket No. 6 at ¶ 1, and Docket No. 6-1 at 1-11).[5]

Contrary to Plaintiff's assertion, she did not properly serve the Summons and Complaint on Defendant in February 2025. Therefore, the Notice of Removal, filed on May 2, 2025, is not barred as untimely.

Accordingly, Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED**.

---

[5] While Defendant faults Plaintiff for improper substitute service based on her failure to exercise "reasonable diligence" in her personal service of the Summons and Complaint (see Motion to Remand at 5; see also Docket No. 1 at 3-4), that "reasonable diligence" language is contained in Cal. Code Civ. P. § 415.20(b) and therefore, does not appear to be applicable to this case.